UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

------------------------------------

CAYUGA INDIAN NATION OF NEW YORK,

                Plaintiff,

vs

VILLAGE OF UNION SPRINGS; TOWN OF
SPRINGPORT; and TOWN OF CAYUGA
NEW YORK,

                Defendants.

------------------------------------

U. S. DISTRICT COURT
N. D. OF N. Y.
FILED

OCT 5 2005

AT _____ O'CLOCK _____ M
LAWRENCE K. BAERMAN, Clerk
UTICA

5:03-CV-1270

APPEARANCES:

JENNER & BLOCK, LLP
Attorneys for Plaintiff
601 Thirteenth Street, NW
Suite 1200 South
Washington, DC 20005-3823

GREEN & SEIFTER PLLC
Attorneys for Plaintiff
900 One Lincoln Center
110 West Fayette Street
Syracuse, New York 13202

DREYER BOYAJIAN, LLP
Attorneys for Plaintiff
75 Columbia Street
Albany, New York 12210

JOSEPH J. HEATH, ESQ.
Attorney for Plaintiff
716 East Washington Street
Suite 104
Syracuse, New York 13202

OF COUNSEL:

DANIEL MACH, ESQ.

LEE ALCOTT, ESQ.
DANIEL J. FRENCH, ESQ.
KIMBERLY M. ZIMMER, ESQ.

CHRISTOPHER A. AMATO, ESQ.
DANIEL J. STEWART, ESQ.

HISCOCK & BARCLAY, LLP  
Attorneys for Defendants Village of  
   Union Springs, Town of Springport  
   and County of Cayuga New York  
Financial Plaza  
221 South Warren Street  
P.O. Box 4878  
Syracuse, New York 13202-1662  

ALAN R. PETERMAN, ESQ.  
JUDITH M. SAYLES, ESQ.

HON. ELIOT SPITZER  
Attorney General of the  
   State of New York  
Amicus Curiae, on behalf of the  
   State of New York  
Department of Law  
The Capitol  
Albany, New York 12224  

DAVID B. ROBERTS, ESQ.  
Asst. Attorney General

DAVID N. HURD  
United States District Judge

## MEMORANDUM-DECISION and ORDER

## I. INTRODUCTION

On May 23, 2005, a mandate from the United States Court of Appeals for the Second Circuit was issued directing a reconsideration of the April 23, 2004, injunction order, see Cayuga Indian Nation of New York v. Village of Union Springs, 317 F. Supp. 2d 128 (N.D.N.Y. 2004) ("Union Springs"), in the light of the Supreme Court's recent decision in City of Sherrill, New York v. Oneida Indian Nation of New York, 125 S. Ct. 1478 (2005). Thereafter, the defendants, Village of Union Springs, Town of Springport and County of Cayuga, New York, moved to vacate the injunction pursuant to Fed. R. Civ. P. 60(b), and

further moved for summary judgment pursuant to Fed. R. Civ. P. 56.  Plaintiff, the Cayuga Indian Nation of New York ("the Nation"), opposes both vacatur and summary judgment.[1]

Oral argument was held on August 10, 2005, in Utica, New York.  Decision was reserved.

## II. BACKGROUND

Although familiarity with the extensive factual and procedural background of this action is presumed, a brief summary of the prior decisions issued in this case and the factual and legal bases thereof is in order.

After the Nation and the Seneca Cayuga Tribe of Oklahoma prevailed at the district court level on their land claim action, see Cayuga Indian Nation of New York v. Pataki, 165 F. Supp. 2d 266 (N.D.N.Y. 2001), they each began to purchase property in fee simple within the roughly 64,000 acre land claim area.[2]  The genesis of this litigation was the Nation's attempt to renovate certain property it purchased within the land claim area ("the Property"), including the establishment of a Class II gaming facility.  The Property was also within the jurisdictional boundaries of the defendants.  The defendants responded by issuing Stop Work orders claiming that the Nation could not proceed with renovations because the same violated zoning and land use laws.  The Nation claimed, however, that it is exempt from such laws because the Property lies within Indian country as that phrase is defined in 18 U.S.C.

---

[1] The Nation further moves for a stay of the proceedings pending a decision by the Court of Appeals for the Second Circuit regarding Plaintiff's petition for rehearing or rehearing en banc in the Cayuga Land Claim appeal, see Cayuga Indian Nation of New York v. Pataki, 413 F.3d 266 (2d Cir. 2005) ("the Cayuga Appeal").  Because the Second Circuit has denied said petition, the Nation's motion for a stay is moot.

[2] A similar action between the Seneca Cayuga Tribe of Oklahoma and other municipalities within the land claim area is currently pending before the Honorable Neal P. McCurn.  See Seneca Cayuga Tribe of Okla. v. Town of Aurelius, 03-CV-690 (N.D.N.Y.).

§ 1151(a).[3] Thus, the Nation promptly commenced the present action seeking declaratory and injunctive relief.

Eventually a permanent injunction was issued which enjoined the defendants from, among other things, "applying or enforcing [their] zoning and land use laws" in relation to the Nation's activities on the Property. Union Springs, 317 F. Supp. 2d at 151-152. The Property fell within the statutory definition of "Indian country" as set forth in 18 U.S.C. § 1151(a). See id. at 143, 151. Given the Indian country status of the Property, the defendants were "without authority or jurisdiction, and [were] preempted from, applying or enforcing [their] zoning and land use laws" as to same. Id. at 151-52. Shortly thereafter, the defendants moved for a stay of that injunction pending appeal. The stay motion was denied. See Cayuga Indian Nation of New York v. Village of Union Springs, 152 F. Supp. 2d 152, 159-60 (N.D.N.Y. 2004).

While the present case was on appeal and before it was argued, on March 29, 2005, the Supreme Court issued its decision in City of Sherrill, which as the Second Circuit recently described it, "dramatically altered the legal landscape" of Indian land claims, in ways in which this court and others could not foresee.[4] Cayuga Appeal, 413 F.3d at 273, 280. "[E]vok[ing] the doctrines of laches, acquiescence, and impossibility," the Court held that "the distance from 1805 to the present day, the Oneidas' long delay in seeking equitable relief against New York or its local units, and developments in the city of Sherrill spanning several

---

[3] Subdivision (a) of section 1151 defines "Indian country," in relevant part as "all land within the limits of any Indian reservation under the jurisdiction of the United States Government." 18 U.S.C. § 1151(a) (West 2000).

[4] The Second Circuit stated: "Our decision is based on a subsequent ruling by the Supreme Court, which could not be anticipated by Judge McCurn." Cayuga Appeal, 413 F.3d at 280.

generations . . . render inequitable the piecemeal shift in governance this suit seeks unilaterally to initiate." City of Sherrill, 125 S. Ct. at 1494 (footnote omitted). In short, the Court held that "[t]he Oneidas long ago relinquished the reins of government and cannot regain them through open-market purchases from current titleholders." Id. at 1483.

The Second Circuit mandate and remand directed this court to "consider in the first instance whether to vacate its injunction." (Dkt. No. 78.) The defendants' motions followed.[5]

### III. DISCUSSION

#### A. Summary Judgment Standard

A motion for summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). See also Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986); Peck v. Pub. Serv. Mut. Ins. Co., 326 F.3d 330, 337 (2d Cir. 2003). When deciding whether to grant a motion for summary judgment, "a court must construe the facts in the light most favorable to the non-moving party and must resolve all ambiguities and draw all reasonable inferences against the movant." Baisch v. Gallina, 346 F.3d 366, 372 (2d Cir. 2003) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255, 106 S. Ct. 2505 (1986)). While the initial burden of demonstrating the absence of a genuine issue of material fact falls upon the moving party, once that burden is met, the

---

[5] The State of New York was granted permission to file an amicus brief in support of the motion to vacate. Likewise, Clint Halftown, purportedly on behalf of the Nation, was allowed to file an amicus brief in opposition, as were several Council members of the Nation.

non-moving party must "set forth specific facts showing that there is a genuine issue for trial." Woodman v. WWOR-TV, Inc., 411 F.3d 69, 75 (2d Cir. 2005) (citing Fed. R. Civ. P. 56(e)).

### B. Analysis

The Nation's efforts to avoid dismissal in light of City of Sherrill are undermined by the Supreme Court's focus on the disruptive nature of exemption from taxation by local government. If avoidance of taxation is disruptive, avoidance of complying with local zoning and land use laws is no less disruptive. In fact, it is even more disruptive. The Supreme Court clearly expressed its concern about the disruptive effects of immunity from state and local zoning laws, even to the point of citing to this case as an example. See City of Sherrill, 125 S. Ct. at 1493 n.13. Even the lone dissenter, Justice John Paul Stevens, opined that local taxation was the "least disruptive to other sovereigns," and noted that "[g]iven the State's strong interest in zoning its land without exception for a small number of Indian-held properties arranged in checkerboard fashion, the balance of interests obviously supports the retention of state jurisdiction in this sphere." Id. at 1497 & n.6 (Stevens, J., dissenting) (citing California v. Cabazon Band of Mission Indians, 480 U.S. 202, 215, 107 S. Ct. 1083 (1987)).

The Nation is seeking relief that is even more disruptive than non payment of taxes. The Supreme Court's strong language in City of Sherrill regarding the disruptive effect on the every day administration of state and local governments bars the Nation from asserting immunity from state and local zoning laws and regulations.

### IV. CONCLUSION

In view of the above, defendants' motion for summary judgment must be granted and the action will be dismissed in its entirety. The previously issued permanent injunction will also be vacated.

Therefore, it is

ORDERED that

1. Defendants' motion to vacate the injunction is GRANTED;

2. The injunction is VACATED;

3. Defendants' motion for summary judgment is GRANTED; and

4. The complaint is DISMISSED.

The Clerk of the Court is directed to enter judgment accordingly.

IT IS SO ORDERED.

_____
United States District Judge

Dated:  October 5, 2005
        Utica, New York.